# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Tommy Willis

**DEFENDANTS**

Tim Huck

**(b)** County of Residence of First Listed Plaintiff   Bend County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bossier Parish
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Larry English
423 West 127th Street 7th Floor
New York, New York 10027

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☒ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS

☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS

**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY

☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### IMMIGRATION

☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS

☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1391, 28 USC 1332

Brief description of cause:
Action for Defamation and intentional infliction of emotional harm

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 10,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE   4/30/2024

SIGNATURE OF ATTORNEY OF RECORD
s/ Larry English

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA

TOMMY WILLIS,                                     CIVIL ACTION    24-573

      v.

                                         **JURY TRIAL REQUESTED**

TIM HUCK,
And  CLUB PHEONIX

### COMPLAINT FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT
:

### INTRODUCTION

In December 2023 Tommy Willis (Plaintiff) negotiated a contract with Tim Huck on behalf of is client to perform at Club Phoenix 2.0, a nightclub owned by Huck in downtown Shreveport. The concert was held on December 16, 2023. At the end of the concert Plaintiff met with Huck to discuss final payment on the contract. Huck became angry and pulled a handgun on Plaintiff and threatened to kill him if he did not leave. Plaintiff backed out of the Club with his hands up begging for his life.

Plaintiff called 911 and the Shreveport Police Department (SPD) responded. Huck stated to SPD that he did not pull a weapon on Plaintiff but that he did show Plaintiff the weapon in his holster. Huck also stated to SPD that Plaintiff was attempting to rob him. SPD was found no evidence to corroborate Huck's statement that Plaintiff was attempting to rob him. After the SPD conducted an investigation they arrested Huck on the charge of aggravated assault with a firearm. The Caddo Parish District Attorney decided not to pursue criminal charges.

Huck then released video from Club Phoenix security camera showing Huck holding a weapon with Plaintiff backing out of his office with his hands held in the air. Huck then

1

published defamatory statements that Plaintiff was attempting to commit an arm robbery against him,  which is defamation per se.

## THE PARTIES

1.   Tommy Willis is a civil engineer and  businessman and a resident and domiciliary of Fort Bend County, State of Texas. Willis is an Executive Project Management Professional with 20+ years' EPC & Risk Management experience across industries including Heavy Civil, Renewable, Pipeline & Compressor, Oil & Gas, Upstream, LNG, Wind Turbine, Combined Cycle, and Commercial. Willis has worked in the entertainment field for fifteen (15) years as promoter, manager and booking agent. Willis has a Bachelor of Business Administration from Northern Arizona. Willis served  in the U.S. Army National Guard.

2.   Defendant Tim Huck is the owner of Club Phoenix  2.0 is a  and is currently a resident. and domiciliary of the State Louisiana;

3.   Club Phoenix 2.0 is a entertainment venue duly authorized to do business in the State of Louisiana;

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C.  § 1332(a)(1)* because the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

5.   Venue is proper pursuant *28 U.S.C. § 1391(b) (1)* because Tim Huck reside in judicial district and Club Phoenix 2.0 is located  in judicial district.

6.   Venue is proper pursuant to *28 U.S.C. § 1391(b) (2)* because the events and omissions that give rise to the claim occurred in the judicial district.

## FACTUAL ALLEGATIONS

7.   On November 13, 2023 Huck and Club Phoenix 2.0 (hereinafter referred to as "Defendants") entered into a contract with Tommy Willis (hereinafter referred to as "Plaintiff") client Ricky Hampton i.e Finesse 2 Tymes ("Hampton") to perform a concert on December 15, 2023 at 1:30 am at Club Phoenix 2.0 400 Commerce Street, Shreveport La. 71101.

8.   Defendants agreed to pay Hampton an engagement fee of $46,000.00 with a down payment of $26,000.00.

9.   The parties agreed that the remaining $20,000.00 would be paid  by Defendants the date of the performance.

10. The Defendants amended the contract and agreed on November 21, 2023 to split the ticket sales 50/50 from the door on the night of the concert.

11. The Defendants wired Plaintiff $26,000.00 on November 27, 2023.

12. On December 16, 2023 Hampton performed the concert as agreed in the contract and then left the venue.

13. Plaintiff  and Huck then met in Huck's office located on the second floor of the club around 4:00 am to run the reports on ticket sales. Also present in the meeting were approximately ten (10) Club Phoenix employees including four armed security personnel and two (2) D.J.'s who were both armed.

14. Huck and his employees completed the report on ticket sales and Plaintiff asked " what's the split?" and Huck responded "it isn't no dam split if anything you owe me money we didn't make any  money".

15. Plaintiff insisted the Defendants owed his client money and at that point Huck jumped up

from his desk took his left hand raised his shirt grabbed his gun out of his holster, cocked it and pointed it in Plaintiff's face and stated "if you don't get your black ass out my club I will blow your fucking brains out." Plaintiff stood up with his hands raised and begged Huck not to kill him and began walking backwards begging  for his life. Plaintiff made it out the door and one of Huck's security personnel  grabbed Plaintiff  and ran Plaintiff to the elevator.  Before  Plaintiff made it to the elevator, Huck pushed out the door waving the loaded  gun yelling and threatening to kill Plaintiff.

16. Huck security personnel tried to restrain Huck.

17. Plaintiff has reason to believe that as he exited the front door of the Club, Huck grabbed an AR 15  assault rifle from the back of the first floor bar in order to further threaten Plaintiff with death.

18. Huck's security personnel assisted Plaintiff to get out of the building, where Plaintiff jumped into a automobile with a stranger,  called 911 and waited on the SPD to arrive.

19. Plaintiff has reason to believe that Huck was under the influence of narcotics during the incident.

20. SPD arrived at Club Phoenix at approximately 4:36 am and began an investigation.

21. SPD spoke to Huck and he admitted that he had a firearm during the dispute with Plaintiff.

22. SPD accompanied Huck to his office where he removed a loaded 9MM pistol from his safe and advised SPD that was the gun he had during the dispute with Plaintiff.

23. Huck denied removing the gun completely from the holstering during the dispute.

24. Huck alluded to SPD that he felt Plaintiff had an intent to rob him.

25. The SPD investigation produced no evidence or testimony that Plaintiff was armed or attempted to rob Huck.

26. Based on the fact that  Huck was armed and admitted post Miranda to "not fully removing the gun from the holster", the SPD concluded that it was "probable that Huck did assault Plaintiff, causing him to be in reasonable apprehension of receiving a battery with a gun."

27. Huck was placed under arrest by the SPD and charged with aggravated assault with a firearm under *RS 14:37.4.*

28. Huck provided KTAL News Shreveport with video of him holding a gun on Plaintiff.[1]

29. The Caddo Parish District Attorney decided not to pursue criminal charges against Huck.

### HUCK PUBLISED A LIE THAT PLAINTIFF ATTEMTPED TO ROB HIM

30. In December 2023 Huck  published defamatory statements that Plaintiff "tried to rob" him that was carried by local, state and national media outlets [2] and social media.

### PLAINTIFF SUFFERS REPUTATION AND OTHER HARM

31. Huck's lie that Plaintiff  attempted to commit an armed robbery against  him is evidence is defamation *per se.* He  tended to (and did) damage  Plaintiff  in his trade, occupation, and/or business and they did so with malice and knowledge of their falsity.

32. Plaintiff has suffered harm as a direct result of Huck's false and defamatory statements.

33. Plaintiff has suffered professional harm as a direct result of Huck's  defamatory statements.

---

[1] https://www.ktalnews.com/news/crime/no-charges-for-shreveport-nightclub-owner-in-assault-with-a-firearm-case/#:~:text=SHREVEPORT%2C%20La.%20%28KTAL%2FKMSS%29%20–%20A%20prominent%20downtown%20nightclub,Huck%2C%20owner%20of%20Phoenix%202.0%20and%20Sand%20Bar.

[2] The Inquisitor December 22, 2023 Volume 17, Issue 17; https://www.ktalnews.com/news/crime/no-charges-for-shreveport-nightclub-owner-in-assault-with-a-firearm-case/; https://theshreveportsun.com/2024/02/16/caddo-da-drops-charges-against-shreveport-nightclub-owner-in-aggravated-assault-case/; https://www.settletalk.com/blog/2023/12/21/want-to-know-the-real-story-on-tim-hucks-arrest; https://www.wkrg.com/news/no-charges-for-shreveport-nightclub-owner-in-assault-with-a-firearm-case/; https://www.msn.com/en-us/news/crime/no-charges-for-shreveport-nightclub-owner-in-assault-with-a-firearm-case/ar-BB1imhng; https://wgno.com/news/louisiana/no-charges-for-shreveport-nightclub-owner-in-assault-with-a-firearm-case/;

34. Plaintiff suffered emotional harm as a direct result of Huck's defamatory statements.

35. Huck has with malice injured the reputation on which Plaintiff makes his livelihood, as a Project Manager and  promoter, manager and booker.

## CAUSES OF ACTION
### COUNT 1
### Defamation

36. Plaintiff incorporates by reference paragraphs 1 through 35 and re-alleges them as set forth fully herein.

37. Huck's false and defamatory statements were published  in newspapers, on television Networks, on social media and elsewhere in print  and on the internet. By publishing defamatory statements, Huck  ensured his false and defamatory statements would receive wide circulation in the region and across the country.

38. Huck made his  false and defamatory statements knowing that  it was false and/or with malice with reckless disregard for their truth and falsity.

39. Huck made his false statements with ill will and spite, and with wanton, reckless or willful disregard for its injurious effect on Plaintiff  and Plaintiff's rights.

40. Huck false and defamatory statements caused Plaintiff  to suffer reputational, emotional, and professional harm.

## COUNT II
### Intentional Infliction of Emotional Harm
### La. C.C.P.  2315 and 2316

41. Plaintiff incorporates by reference paragraphs 1 through 40 and realleges them as set forth fully herein.

42. Huck pointed a weapon at Plaintiff's face in order to inflict intentional emotional harm on Plaintiff.

43. Huck threatened to kill Plaintiff in order to inflict intentional emotional harm on Plaintiff.

44. Huck published defamatory statement against Plaintiff in order to inflict intentional emotional harm against Plaintiff.

45. As a result of Huck's conduct Plaintiff has suffered intentional emotional harm.

### PRAYER FOR RELIEF

i.      Order Tim Huck to retract his defamatory statements;

ii.     Award Plaintiff compensatory damages in an amount of ten  (10,000,000.00) million dollars;

iii.    Determine that Plaintiff injuries are due to Huck actions and holding not only Huck  but Club Phoenix 2.0  (with vicarious liability) liable, jointly, severally in solido for Plaintiff's actual and consequential damages shown at trial; and

iv.     Award Plaintiff pre- and post-judgment interest, cost, and such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: April 30, 2024

New York, New York

*/s/ Larry English*
Larry English, LSB No. 22772
LARRY ENGLISH, ATTORNEY AT LAW
423 W. 127 Street, 7th Floor
New York, New York 10027
917-531-3909
Englishlaw2008@gmail.com
Attorney for Plaintiff